# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of MaRhonda Shatoya Smith, Respondent.

Appellate Case No. 2026-000072

---

Opinion No. 28326
Submitted April 3, 2026 – Filed April 22, 2026

---

### DEFINITE SUSPENSION

---

Disciplinary Counsel William M. Blitch, Jr., and
Assistant Disciplinary Counsel Phylicia Yvette Christine
Coleman, both of Columbia, for the Office of
Disciplinary Counsel.

Haley Alyse Hubbard, of Ballard & Watson, Attorneys at
Law, of West Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, agrees to pay
costs, and consents to the imposition of a confidential admonition, a public
reprimand, or a definite suspension of up to six months, along with other
conditions of discipline.  We accept the Agreement and impose a six-month
definite suspension.  The facts, as set forth in the Agreement, are as follows.

### I.

Respondent was admitted to practice in 2018 and has no prior disciplinary history.
On April 22, 2023, Respondent was under the influence of alcohol and a patron at
a bar in Greenville.  After being asked to leave the premises by Security Guard for

knocking on the bathroom door too loudly, Respondent hit Security Guard in the face. Bar security video footage shows Respondent then grabbed a glass and attempted to throw it at another patron, who blocked the glass with his hand causing the glass to shatter. Respondent was forcibly removed from the bar and continued to engage in disorderly conduct.

Security Guard flagged down law enforcement outside the bar to report the incident. An officer explained to Respondent that she was being detained, and she attempted to pull away from the officer several times. Once Respondent was placed in handcuffs, she refused to get in the patrol car and continued to be uncooperative with the officers. An officer attempted to speak with Respondent again and asked her to sit inside the patrol car. Respondent refused, stepped on the officer's toe, then struck the officer in the genitals with her knee. With the assistance of another officer, Respondent was finally placed in the patrol car and transported to the Greenville County Detention Center.

As a result of this incident, Respondent was charged with the following: (1) disorderly conduct; (2) interfering with a police officer; (3) assault and battery, third degree; (4) resisting arrest; (5) assault and battery, second degree; and (6) wounding a police officer while resisting arrest. Respondent timely self-reported her arrest to the Office of Disciplinary Counsel and was subsequently placed on interim suspension. *In re Smith*, 439 S.C. 355, 887 S.E.2d 534 (2023).

On December 11, 2024, Respondent pled guilty to one misdemeanor count of resisting arrest and entered a plea of no contest to one count of second-degree assault and battery. She was sentenced to ninety days in prison, suspended upon her successful completion of the Adult Multi-Disciplinary Treatment Court Program (MDC). Based on the plea agreement, once Respondent completed MDC, her guilty plea would be withdrawn, resulting in the dismissal of the charges to which she pled and making her immediately eligible to apply for expungement.

Respondent successfully completed vocational objectives with the South Carolina Vocational Rehabilitation Department and two outpatient rehabilitation programs for alcohol abuse. Respondent also successfully completed the MDC program on July 15, 2025, resulting in the withdrawal of her pleas and the dismissal of all criminal charges. Respondent's arrest and criminal records were subsequently expunged.

## II.

In the Agreement, Respondent admits her conduct violated Rule 8.4(b), RPC, Rule 407, SCACR (prohibiting a criminal act that reflects adversely on the lawyer's fitness to practice law).  Respondent also admits this violation is a ground for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (providing a violation of the Rules of Professional Conduct constitutes a ground for discipline).

Respondent consents to the imposition of a confidential admonition, a public reprimand, or a definite suspension of up to six months as a sanction for her misconduct.  Additionally, Respondent agrees to pay, within thirty days, the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.  Respondent also agrees to complete an assessment with Lawyers Helping Lawyers (LHL) within thirty days, and if additional services are recommended as a result of that assessment, Respondent agrees to enter into and comply with the terms of a one-year monitoring contract with LHL, under which she shall report quarterly to the Commission.

In mitigation, Respondent submitted an affidavit acknowledging the seriousness and wrongfulness of her misconduct, expressing remorse for her actions, and emphasizing how much she would value a second chance to practice law.  Respondent also sets forth, with exhibits, her struggles with anxiety, depression, severe grief, and addiction, as well as the substantial and effective efforts she has made towards healing her mental health and rehabilitating her alcohol use disorder.

## III.

We find Respondent's misconduct warrants a definite suspension.  Accordingly, we accept the Agreement, and as a sanction for her misconduct, we suspend Respondent from the practice of law for a period of six months retroactive to May 17, 2023, which is the date of her interim suspension.  Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

Respondent shall also complete an assessment with LHL within thirty days.  If additional services are recommended as a result of the assessment, Respondent shall enter into and comply with the terms of a monitoring contract with LHL for a period of one year.  The terms of this contract shall include, among other things, an ongoing relationship with a treatment provider and a monitor designated by LHL.

In connection with this monitoring contract, Respondent shall submit reports to the Commission as set forth in detail in the terms of the Agreement.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**